## THORINGTON *v.* MONTGOMERY.

ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

No. 1080. Submitted January 23, 1893. — Decided February 6, 1893.

The Fifth Amendment to the Constitution operates exclusively in restriction of Federal power, and has no application to the States.

A controversy as to the good faith of a transaction by which the title to the property which forms the subject of this litigation was transferred to the plaintiff in error is *held* to involve no Federal question.

THIS was a motion to dismiss or affirm. The case is stated in the opinion.

*Mr. W. Hallett Phillips* and *Mr. H. C. Semple* for the motion.

*Mr. John M. Chilton* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

The opinion of the Supreme Court of Alabama in this case is given in the record, and reported in 10 S. Rep. 634, and refers to *Winter* v. *City Council of Montgomery*, 79 Alabama, 481; *Thorington* v. *Montgomery*, 82 Alabama, 591; and *Thorington* v. *Montgomery*, 88 Alabama, 548. It appears that a decree was rendered in favor of the city of Montgomery and against Mary E. Winter and others by the chancery court at Montgomery, in August, 1884, for taxes due for previous years on six lots of land in the city, and a sale directed if the amount were not paid, which decree was affirmed December 10, 1885; that in October, 1885, certain of the lots were ordered to be sold for delinquent taxes for the year 1884; and that in November, 1885, three of the lots were sold under the decree and bought in in the name of Mrs. Thorington, Mrs. Winter's daughter, and the taxes for 1884, interest, charges and costs were paid. On January 25, 1886, Mrs. Thorington filed a bill in the chancery court seeking to enjoin the sale of the three lots, with the others, by the city, to satisfy the total sum of unpaid taxes ascertained by the decree. The bill was dismissed, but on appeal the decree was reversed, and, the case having been remanded, the bill was again dismissed. On a second appeal, the decree was again reversed on the ground that the effect of the purchase by Mrs. Thorington under the tax sale was to cut off all prior liens for taxes for the years preceding 1884; but it was observed in the opinion that if it were shown that the money with which the lots were purchased was not, in fact or legal effect, Mrs. Thorington's, or

that there was collusion or a secret trust for the taxpayer, then the doctrine of estoppel would not apply. The cause having again been heard by the chancery court, the bill was again dismissed, and on the third appeal by Mrs. Thorington the decree was affirmed by the Supreme Court, to which judgment this writ of error was sued out.

We cannot find that any Federal question was raised in the proceedings in the chancery court. The only error assigned in the Supreme Court was that "the court below erred in rendering the final decree made by it dismissing appellant's bill and in overruling objections to testimony." It is stated in the writ of error that in the cause "between Sallie G. Thorington, appellant, and the City Council of Montgomery, appellee, wherein was drawn in question appellant's right under Article V of the amended Constitution of the United States to have the testimony of her, the said Sallie G., which had been taken under a duly issued commission in that behalf, read in her behalf on the trial of the said cause, and the decision was against her right and claim to be so heard, a manifest error hath happened, etc."

The Fifth Amendment operates exclusively in restriction of Federal power, and has no application to the States, but in the brief for plaintiff in error it is said that the Fourteenth Amendment wa. violated in her case in respect of the provision : "Nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." The controversy seems to have been as to the good faith of the transaction by which the title to the property was transferred to Mrs. Thorington at the tax sale, it being contended by the city that the purchase was a mere device to evade the indebtedness for taxes, and that the property was still chargeable with such indebtedness. This was the conclusion of the chancery court, and its judgment was affirmed by the Supreme Court. We find from the record, the opinion of the Supreme Court and the decision of the chancellor, that at the April term, 1890, of the chancery court a motion and affidavit on behalf of plaintiff were filed, April 14, 1890, for an order to

compel the city to produce in court certain testimony alleged to have been taken by respondent, "or, if that may not be consistently and legally done, that reasonable opportunity be given complainant to further justify her case herein by allowing complainant reasonable opportunity to establish the said testimony so taken for use in complainant's behalf in this cause." The cause was not tried at that term, nor did it appear that any action was taken on the motion or that the attention of the court was called to it. The case was submitted to the chancellor, October 15, 1890, at the October term, and on October 16, when the argument had been nearly completed, an application was made that the submission be set aside in order that the motion made at the last term of the court might be considered: It was stated by the chancellor that at a former time counsel had asked the court to instruct the commissioner to return a deposition he had taken, to him, and the commission to the court as having been improperly issued, and that the chancellor instructed the commissioner to take whatever action as to the deposition he might choose, but in no event to permit either party to the suit to examine it. The chancellor held that the deposition was taken improperly, and that it was the right of complainant's counsel to ask the court that it should not be subjected to the scrutiny of defendant's counsel; but that if it were then before the court it could not be used for any purpose unless in the meantime the deposition of the witness had been subsequently taken, and the former deposition should be offered to contradict any of the statements made in the latter. The chancellor added : "It cannot be disputed that if any one desired to take action in the matter to get the deposition of either of these witnesses there has been ample time to have done so. The submission in this cause was made without any application for a continuance in order to get the deposition of these witnesses, one of whom is the complainant. The complainant has never taken any steps during the time this case has been continued from year to year to get her own or her mother's deposition in the case. Under these circumstances the motion to set aside the submission on that ground is denied."

As to this matter, the Supreme Court held that there was nothing which the court could review; that no ruling was shown to have been had or asked on the motion in April, 1890, although the cause was continued; and that the application made October 16, 1890, was addressed to the court's discretion, and could not be revised.

This decision upon a matter of practice under the State procedure did not draw in question any right complainant had under the Constitution or laws of the United States. It affords no basis for the contention that her right to be heard in her own behalf was denied, and we are of opinion that not only was no Federal question brought to the attention of the State courts, but that none such necessarily arose or was decided.                              *Writ of error dismissed.*