## *In re* HOLTON.

1. CONSTITUTIONAL LAW—STATE CONSTITUTION—UNITED STATES CONSTITUTION—INDETERMINATE SENTENCES.

   Provision in State Constitution authorizing legislature to provide for detention and release of persons imprisoned or detained on so-called indeterminate sentences is not in conflict with the Fourteenth Amendment to the Constitution of the United States (Mich. Const. 1908, art. 5, § 28).

2. SAME—PURPOSE OF FOURTEENTH AMENDMENT.

   While the Fourteenth Amendment to the Constitution of the United States does forbid any arbitrary deprivation of life, liberty or property and imposition of different or higher punishment for crime on one person than another, it was not designed to interfere with the power of the State to protect the lives, liberty and property of its citizens or with the exercise of that power by the courts.

3. SAME—POLICE POWER.

   There are no constitutional guaranties which an individual can invoke against reasonable restraints imposed by the legislature in the exercise of its police power for the preservation of the health, morals and safety of the community.

4. PARDONS AND PAROLES—TIME OF CUSTODY FOR OTHER OFFENSES.

   Time for which parolee was in custody and awaiting trial on a charge other than that for which he was originally sentenced may not be credited on remainder of original sentence (Act No. 255, chap. 3, § 8, Pub. Acts 1937).

5. SAME—CUSTODY FOR OTHER OFFENSES—WARRANT FOR PAROLE VIOLATION.

   When warrant for parole violation against parolee, in custody for another charge, was issued, the time theretofore spent in imprisonment for which he had not been allowed credit toward original sentence came to an end as thenceforward the parole board had it within its power to place the parolee in actual confinement in the State prison (Act No. 255, chap. 3, § 8, Pub. Acts 1937).

6. SAME—SERVICE OF SENTENCE DURING PAROLE.

> A prisoner while on parole is deemed to be serving sentence imposed by the court, hence upon return for violation of parole good time is to be allowed as for entire period elapsed since commencement of original sentence less period from time of arrest for another offense until declaration of violation of parole (3 Comp. Laws 1929, § 17576, as last amended by Act No. 252, Pub. Acts 1937; Act No. 255, chap. 3, § 8, Pub. Acts 1937).

7. HABEAS CORPUS—PAROLED PRISONER—VIOLATION OF PAROLE—GOOD TIME ALLOWANCE.

> Petitioner for habeas corpus who had served a portion of his sentence, was then paroled, had violated his parole, was treated by parole board as an escaped prisoner and good time earned as of date of violation forfeited, had been returned to prison but had not yet served balance of maximum original term less good time earned subsequent to return to prison was not entitled to discharge (3 Comp. Laws 1929, § 17576, as last amended by Act No. 252, Pub. Acts 1937; Act No. 255, chap. 3, § 8, Pub. Acts 1937).

Habeas corpus to inquire into detention of Donald Holton by the warden of State Prison of Southern Michigan. Submitted February 8, 1943. (Calendar No. 42,271.) Writ dismissed April 6, 1943.

*Donald Holton, in pro. per.*

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorney, for the people.

SHARPE, J. This is habeas corpus to inquire into the detention of plaintiff in the State prison of southern Michigan at Jackson.

Petitioner was sentenced by Judge Cotter of the recorder's court for the city of Detroit on October 18, 1938, for unlawfully driving away an automo-

bile. The sentence was from 2 to 5 years without any recommendation. His prison record is as follows: April 26, 1940, released on parole for a period of 18 months; December 24, 1940, pleaded guilty to reckless driving; May 26, 1941, arrested and convicted as a disorderly person, paid a fine and after investigation the parole board extended his period of parole to two years; and July 25, 1941, he was arrested for indecent exposure and on October 14, 1941, he pleaded guilty to the charge. On October 23, 1941, parole violation warrant was issued and on November 24, 1941, he was returned to Jackson prison.

Shortly after petitioner's return to prison, a hearing was had and the parole board entered the following order:

"The action hereafter related was entered by the parole board following the recent hearing; return on warrant is approved. Forfeit good time to date of violation and earn good time from date of return. Case is passed to maximum term."

In computing the time served, petitioner was not given any credit for time served in the Wayne county jail from July 25, 1941, which is the date he was arrested for indecent exposure, to November 24, 1941, which is the date he was returned to Jackson prison.

Petitioner urges that he was entitled to release from custody as of November 12, 1942.

Section 28 of article 5 of the Michigan Constitution of 1908 reads:

"The legislature may provide by law for indeterminate sentences, so called, as a punishment for crime, on conviction thereof, and for the detention and release of persons imprisoned or detained on said sentences."

Petitioner contends that this section of the Michigan Constitution is in conflict with the constitutional guaranties of the Fourteenth Amendment to the Constitution of the United States and clause 2 of article 6 of the Federal Constitution.

"This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or which shall be made, under the authority of the United States, shall be the supreme law of the land; and the judges in every State shall be bound thereby, anything in the Constitution or laws of any State to the contrary notwithstanding." U. S. Const. art. 6, § 2.

We are not in accord with the claim of petitioner that the above article of the Michigan Constitution infringes the rights of United States citizens.

In *Re Converse,* 137 U. S. 624, 631 (11 Sup. Ct. 191, 34 L. Ed. 796), it is said:

"We repeat, as has been so often said before, that the Fourteenth Amendment undoubtedly forbids any arbitrary deprivation of life, liberty or property, and in the administration of criminal justice requires that no different or higher punishment shall be imposed on one than is imposed on all for like offences, but it was not designed to interfere with the power of the State to protect the lives, liberty and property of its citizens; nor with the exercise of that power in the adjudications of the courts of a State in administering the process provided by the law of the State."

In *Parkes* v. *Judge of Recorder's Court,* 236 Mich. 460, 465 (47 A. L. R. 1128), we said:

"The constitutional guaranty of life, liberty and of property is subject to such restraints as are reasonably necessary for the public good. As a member of organized society the individual citizen has no right to do those things which are injurious to

the common welfare. He is wisely fenced about by governmental limitations which prevent him from infringing upon the rights of the public. There are no constitutional guaranties which he can invoke against reasonable restraints imposed by the legislature in the exercise of its police power for the preservation of the health, morals and safety of the community.''

See, also, *Ughbanks* v. *Armstrong, Warden of the Michigan State Prison,* 208 U. S. 481 (28 Sup. Ct. 372, 52 L. Ed. 582).

Petitioner also bases his claim that he is now entitled to release upon Act No. 255, chap. 3, § 8, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 17543–48, Stat. Ann. 1942 Cum. Supp. § 28.2108), which reads as follows:

''Every prisoner on parole shall remain in the legal custody and under the control of the commission. The assistant director of the bureau of pardons and paroles is hereby authorized, at any time in his discretion, and upon a showing of probable violation of parole, to issue a warrant for the return of any paroled prisoner to the penal institution from which he was paroled. Pending hearing, as hereinafter provided, upon any charge of parole violation, the prisoner shall remain incarcerated in such penal institution.

''A prisoner violating the provisions of his parole and for whose return a warrant has been issued by the assistant director of the bureau of pardons and paroles shall, after the issuance of such warrant be treated as an escaped prisoner owing service to the State, and shall be liable, when arrested, to serve out the unexpired portion of his maximum imprisonment, and the time from the date of his declared delinquency to the date of his arrest shall not be counted as any part or portion of the time to be served. The warrant of the assistant director of the bureau of pardons and paroles shall be a suffi-

cient warrant authorizing all officers named therein to return such paroled prisoner to actual custody in the penal institution from which he was released.

"If any paroled prisoner shall fail to return to the prison enclosure when required by the assistant director of the bureau of pardons and paroles, or if he makes escape while on parole, he shall be treated in all respects as if he had escaped from the prison enclosure, and shall be subject to be retaken as provided by the laws of this State.

"Any prisoner committing a crime while at large upon parole and being convicted and sentenced therefor shall serve the second sentence after the first sentence is served or annulled.

"A parole granted a prisoner shall be construed simply as a permit to such prisoner to go without the enclosure of the prison, and not as a release, and while so at large he shall be deemed to be still serving out the sentence imposed upon him by the court, and shall be entitled to good time the same as if he were confined in prison."

It is the particular claim of petitioner that before a parolee may lose time, a warrant must be issued; and that the time from the date of issuance of such warrant may not be counted against him. In the case at bar, July 25, 1941, is the date when the act occurred upon which the parole board based its warrant for a parole violation. Petitioner pleaded guilty to the charge of indecent exposure on October 14, 1941, and the parole violation warrant was issued October 23, 1941.

The parole board by virtue of the above section of Act No. 255, Pub. Acts 1937, held that the period between July 25 and November 24, 1941, during which petitioner was confined to the Wayne county jail, was time that could not be credited to petitioner on his original sentence. We are of the opinion that the time during which petitioner was

in custody awaiting trial and sentence for a crime other than that for which he was originally sentenced is so-called "dead time" and should not be credited to the remainder of petitioner's sentence. Further, we are of the opinion that the period of so-called "dead time" ended when the warrant for parole violation was issued, as at that time the parole board had it within its power to place petitioner in actual confinement in the State prison at Jackson.

Petitioner further claims that the parole board was without authority to forfeit all earned good time to date of violation of parole. He urges that under 3 Comp. Laws 1929, § 17576, as last amended by Act No. 252, Pub. Acts 1933, the parole board may forfeit all good time of a prisoner for the following reasons only: escape, attempt to escape, or an act of insubordination; and that none of these reasons apply to him.

Act No. 252, Pub. Acts 1933, amending 3 Comp. Laws 1929, § 17576, as amended by Act No. 86, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17576, Stat. Ann. § 28.1403), reads in part:

"Every convict who shall have no infraction of the rules of the prison or the laws of the State recorded against him, shall be entitled to a reduction from his sentence as follows: During the first and second years of his sentence, five days for each month; during the third and fourth years, six days for each month; during the fifth and sixth years, seven days for each month. * * * The commissioner of pardons and paroles may, by general rule, subject to amendment from time to time, prescribe how much of the good time earned under the foregoing provisions a convict shall forfeit for more than one infraction of the prison rules in any month, and for any serious act of insubordination, attempt to escape, or escape, the commissioner of pardons

and paroles may, by special-order, take. away any portion of the whole of the good time made by any convict up to the date of such offense.''

The parole board treated petitioner as an escaped prisoner owing service to the State and forfeited the good time earned by him as of July 25, 1941, the date he violated his parole, under that portion of Act No. 255, chap. 3, § 8, Pub. Acts 1937, which reads:

''A prisoner violating the provisions of his parole and for whose return a warrant has been issued by the assistant director of the bureau of pardons and paroles shall, after the issuance of such warrant be treated as an escaped prisoner owing service to the State, and shall be liable, when arrested, to serve out the unexpired portion of his maximum imprisonment, and the time from the date of his declared delinquency to the date of his arrest shall not be counted as any part or portion of the time to be served.''

On July 25, 1941, petitioner was in his third year of confinement. Under 3 Comp. Laws 1929, § 17576, as last amended by Act No. 252, Pub. Acts 1933, he is entitled to earn reduction from his sentence at the rate of six days per month for the third and fourth year of his term, and seven days per month for the fifth year to be credited against his maximum sentence. The date when petitioner will be entitled to a release depends upon the ''good time'' he earns subsequent to October 23, 1941, while serving his maximum sentence. That date is not November 12, 1942, as contended by petitioner; it lies in the future. The writ is dismissed.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.