*In re* DAVIS.

PARDONS AND PAROLES—VIOLATION OF PAROLE—DEAD TIME.

The time from the date of a parolee's declared delinquency on parole to the date of his voluntary surrender is considered "dead time" and should not be credited to the remainder of his sentence, notwithstanding period was spent in the military service of an ally (Act No. 255, chap. 3, § 8, Pub. Acts 1937).

Habeas corpus to inquire into detention of James Davis by the warden of State Prison of Southern Michigan with accompanying certiorari to Bureau of Pardons and Paroles. Submitted June 29, 1945. (Calendar No. 43,052.) Writ dismissed October 8, 1945.

*James Davis, in pro. per.*

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Perry A. Maynard,* Assistants Attorney General, for the people.

SHARPE, J. This is habeas corpus to inquire into the detention of petitioner in the State prison of southern Michigan at Jackson.

Petitioner was originally sentenced on December 3, 1936, in the circuit court of Hillsdale county to the State prison of southern Michigan for a term of 1 to 5 years for breaking and entering in the daytime. On October 6, 1937, he was paroled to Berrien county for a period of one year. On December 6, 1937, he was convicted and sentenced for a term of 6 months to 5 years for unlawfully driving away an automobile. On January 19, 1938, the parole board determined that petitioner should serve the maximum of his first sentence before beginning his new sentence. On February 10, 1941, petitioner was discharged from further serving on his first sentence and began to serve on his second sentence.

On July 3, 1941, petitioner was paroled for a period of 18 months to Livingston county. He made some reports and on December 17, 1941, joined the Royal Canadian Air Force. On May 12, 1942, a warrant was issued for violation of parole. On April 27, 1943, petitioner called at the office of the bureau of pardons and paroles in Lansing. As a result, the warrant for his arrest was revoked and he was reinstated on parole by order which provided that Davis should forfeit time from violation of May 4, 1942, to the date of the order, April 27, 1943. On July 24, 1943, he violated the terms of his parole. A warrant was issued August 3, 1943, for violation of the terms of his parole on July 24, 1943, and he was returned to prison on August 4, 1943.

It is conceded that from May 4, 1942, until April 24, 1943, petitioner was a member of the Royal Canadian Air Force. His joining the RCAF was without permission or consent of the parole board. Petitioner urges that he is entitled to credit for the time he was a member of the RCAF, a period

of approximately one year, and if given such credit he would be eligible for discharge on February 8, 1945.

Act No. 255, chap. 3, § 8, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 17543–48, Stat. Ann. 1944 Cum. Supp. § 28.2108), provides in part:

"A prisoner violating the provisions of his parole and for whose return a warrant has been issued by the assistant director of the bureau of pardons and paroles shall, after the issuance of such warrant be treated as an escaped prisoner owing service to the State, and shall be liable, when arrested, to serve out the unexpired portion of his maximum imprisonment, and the time from the date of his declared delinquency to the date of his arrest shall not be counted as any part or portion of the time to be served. The warrant of the assistant director of the bureau of pardons and paroles shall be a sufficient warrant authorizing all officers named therein to return such paroled prisoner to actual custody in the penal institution from which he was released."

In the case at bar, petitioner violated his parole on May 4, 1942, and a warrant was issued for parole violation on May 12, 1942. Petitioner was reinstated on parole April 27, 1943, during which time, with the exception of a few days, he was a member of the RCAF. Under the above act, petitioner was an escaped prisoner from May 12, 1942, to April 27, 1943. The time from the date of his declared delinquency, May 4, 1942, to the date of his voluntary surrender, April 27, 1943, is considered "dead time" and should not be credited to the remainder of petitioner's sentence.

His service in the RCAF, while patriotic and commendable, may not be used to change the plain terms of the statute. *In re Holton,* 304 Mich. 534,

we said: "the period of so-called 'dead time' ended when the warrant for parole violation was issued, as at that time the parole board had it within its power to place petitioner in actual confinement in the State prison at Jackson." Under the facts in this case the parole board's first opportunity to place petitioner in actual custody was when petitioner called at the Lansing office following his discharge from the RCAF.

Petitioner was not entitled to release on February 8, 1945. The writ is dismissed.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.