LUNDY v. MICHIGAN STATE
PRISON BOARD.
No. 11056.

United States Court of Appeals
Sixth Circuit.
April 17, 1950.

William C. Kelly, Cincinnati, Ohio, for appellant.

Stephen J. Roth, Atty. Gen. of Michigan, for appellee.

Before SIMONS, MARTIN and McAL-LISTER, Circuit Judges.

PER CURIAM.

The appellant, now in a Michigan prison serving a sentence pronounced by a state court of Michigan having jurisdiction of his offense, petitioned the United States District Court for writ of habeas corpus. The case comes to this court on appeal from an order denying his petition.

While on parole from serving his original sentence of not less than 2½ nor more than 7½ years, pronounced November 8, 1941, by the state court, he was sentenced on September 1, 1945, to a term of not less than 3 nor more than 5 years imprisonment upon conviction of the crime against the laws of Michigan of breaking and entering in the daytime. He contends that his second sentence should have run from the date of its imposition and not from the expiration of his previous sentence. When sentenced the second time, he had not served the maximum of his original sentence in the state prison. He was found guilty by the Parole Board of violating his parole and, as a penalty, the maximum term of his original sentence which expired September 5, 1948, was made effective.

The Supreme Court of Michigan held in effect that his second sentence did not commence as of the date of its imposition, as contended by appellant, but began from the time his first sentence had been served. See Act 4, Second Ex.Sess.1947, Ch. 2, sec. 36. The highest court of Michigan on February 28, 1949, therefore, denied his petition for habeas corpus; and certiorari from that judgment was denied by the Supreme Court of the United States on April 18, 1949. 336 U.S. 950, 69 S.Ct. 877.

 The Supreme Court of Michigan had previously construed the Michigan statutes contrary to the contention of the petitioner. Canfield v. Commissioner of Pardons and Paroles, 280 Mich. 305, 273 N.W. 578. Campare In re Holton, 304 Mich. 534, 539, 8 N.W.2d 628; In re Davis, 312 Mich. 154, 155, 20 N.W.2d 141. The interpretation of a state statute by the highest court of the state is binding upon United States Courts, unless in contravention of the Constitution of the United States or of some federal statute.

Accordingly, the order of the district court denying the application of appellant for writ of habeas corpus is affirmed.