STATE *vs.* JOHN H. LEE.

FEBRUARY 21, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

PER CURIAM. This is an indictment for abortion. The defendant was found guilty by a jury in the superior court and thereafter he filed a motion for a new trial which was denied. He excepted to such denial and has brought the case here on his bill of exceptions containing that exception and several others taken during the trial.

The bill of exceptions is not in proper form, but by a liberal interpretation thereof we have been able to find that the following exceptions have been sufficiently stated and identified so as to warrant our consideration: First, to the trial justice's refusal to declare a mistrial and allow defendant an opportunity to retain new counsel; second, to the denial of defendant's motion to strike out certain testimony of Dr. Markarian concerning a telephone call from the defendant; and third, to the denial of defendant's motion for a new trial. The rest of the bill consists of a series of arguments and contentions which have no place in a bill of exceptions and do not properly set out any exception which is entitled to consideration.

Defendant at his own request personally argued his case in this court. Apparently he also argued his motion for a new trial in the superior court and prosecuted his bill of exceptions to this court, since his trial counsel after attending to the filing of such motion was allowed to withdraw by the superior court. This circumstance very likely accounts for defendant's failure to draft an adequate and proper bill of exceptions for all the errors which he alleges the trial justice committed at the trial. It also accounts for the failure of defendant in his brief to conform to the rules of this court. By voluntarily proceeding here without counsel, defendant has deprived himself and this court of the aid which we usually receive from a lawyer in reviewing alleged errors of law committed by the trial justice. However, after carefully reading the transcript we are satisfied that certain rulings of the trial justice which defendant strongly asserts to be errors were in fact not erroneous.

We shall now proceed to discuss the three exceptions which we have enumerated above as being properly set out in order to warrant our consideration. The first exception is clearly without merit. On the second day of the trial while the state was still introducing evidence defendant apparently became dissatisfied with the conduct of his counsel in cross-examining witnesses and asked the court for permission to dismiss such counsel, provided the court would declare a mistrial so as to afford defendant an opportunity to obtain another attorney.

The trial justice denied the request and stated that from his observation counsel had been conducting defendant's case properly and there was no ground shown for declaring a mistrial. We have carefully read the transcript and we agree with the trial justice. Defendant is laboring under a gross misapprehension of the law in assuming that differences with his own counsel, even amounting to defendant's loss of confidence in him during the trial, is good ground for vitiating a trial already in progress. Defendant has the right to be represented by counsel or not as he chooses and undoubtedly he may dismiss his counsel. But if he does so while the trial is proceeding it is at his own peril. Here the defendant did not insist simply on his right to dismiss his counsel and proceed with the case himself, but prefaced his motion or request with a condition that a mistrial should be declared so that he could obtain new counsel. Defendant's objection to the ruling denying that motion was properly overruled by the trial justice and hence defendant's exception thereto is without merit.

The second exception is to the denial of defendant's motion to strike out a statement concerning the fact that Dr. Markarian testified he had received at his office on a certain date a telephone call from the defendant and also his further testimony: "Mr. Lee asked me to see this friend of his, and he said that he simply wanted the people reassured that Mrs. Caetano was alright." No objection was made at that time to this testimony but later

in cross-examination of the doctor by defendant's counsel it developed the doctor did not know Mr. Lee's voice on the telephone and he did not recognize the voice of the person he was talking to as that of John H. Lee, the defendant. All that he could say was: "The voice that called me said this is Mr. Lee." Defendant's counsel thereupon moved to strike the testimony referring to Mr. Lee. We think the testimony was inadmissible. In the circumstances the objection thereto was timely and the jury should have been instructed then and there to disregard such testimony. Therefore to deny defendant's motion to strike was error.

The question, however, is whether such error probably prejudiced the jury against defendant. In the light of all the evidence we think it could not have had that effect. There was a mass of evidence which definitely connected defendant with the crime charged against him. That evidence was almost wholly uncontradicted except by the testimony of defendant himself. After carefully reading the transcript we are convinced that such evidence, wholly apart from the above testimony of Dr. Markarian, was clearly sufficient to lead the jury to find the defendant guilty beyond a reasonable doubt. In other words, it quite plainly appears that the doctor's testimony was no more than a small piece of cumulative evidence as to a detail tending to put the defendant in the picture where other independent testimony had indelibly and completely placed him. Since the error was harmless defendant's exception is overruled.

Defendant's final exception is to the denial of his motion for a new trial. In arguing and briefing this exception he has urged that the verdict is against the law and the evidence. As to the law, he makes several contentions that have no merit in support of a motion for a new trial because they relate to propositions of law not given to the jury in the trial justice's charge. The only argument that can have any weight on this point is that the jury failed to

50

follow the law thus given to them. Defendant has not shown wherein they disregarded the charge of the court. From our reading of the charge we cannot say that the jury failed to follow it in finding defendant guilty.

Defendant's contention that the trial justice erred because the verdict was contrary to the evidence and weight thereof is also without merit. There is no need to recite here any portions of the evidence in order to show such lack of merit. It is sufficient for us to say that in our opinion there is substantial evidence from which the jury could reasonably find that all the elements of the specific crime charged against defendant were proved beyond a reasonable doubt and that he was guilty as charged. In other words, we find nothing in the transcript that would warrant us in saying that the trial justice's denial of defendant's motion for a new trial was clearly wrong. Defendant's exception to such denial is, therefore, overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers*, Attorney General, *Alfred E. Motta*, Special Counsel, for State.

*John H. Lee, pro se ipso,* for defendant.