**Ex parte LEE.**
No. 454.

United States District Court,
D. Rhode Island.

July 30, 1954.

John H. Lee, pro se.

Aram A. Arabian, Providence, R. I., amicus curiae, for petitioner.

William E. Powers, Atty. Gen., Alfred E. Motta, Special Counsel, Providence, R. I., for respondent.

DAY, District Judge.

This is an application for a writ of habeas corpus by one John H. Lee who is serving a sentence in the Rhode Island State Prison pursuant to the judgment of the Superior Court of the State of Rhode Island following his convic-

tion by a jury on a charge of committing a criminal abortion.

Although the application is not in artistic form, having been prepared by the petitioner without the aid of legal counsel, this Court has not concerned itself with any technical insufficiencies appearing therein and is fully cognizant of the grounds upon which the petitioner relies as a basis of his claim that his restraint is illegal.

In substance he alleges that his sentence and confinement are illegal because following the verdict of guilty by the jury the Superior Court denied him the assistance of counsel to aid him in perfecting his appeal to the Supreme Court of the State of Rhode Island in violation, as he says, of the Fifth and Sixth Amendments to the Constitution of the United States and of section 10 of Article I of the Constitution of the State of Rhode Island.

Although after reading the contents of the petitioner's application this Court was in grave doubt as to whether it stated any case for relief, all doubt was resolved in favor of the petitioner and the petition was assigned to a day certain for hearing. A writ of habeas corpus ad testificandum directed to the warden of the State Prison was issued commanding him to produce the petitioner before this Court upon the day named therein. The petitioner appeared without counsel and in reply to an inquiry by this Court stated he intended to present and argue his case personally. After this Court had stressed at some length the advisability of his being represented by counsel the petitioner then agreed to accept the aid of counsel. This Court then appointed an experienced, eminently qualified trial lawyer to represent him. The hearing was then continued tentatively to a date suggested by the Court. Subsequently, a continuance was granted in order that this lawyer could adequately prepare the petitioner's case. When the application was next called for hearing the petitioner, irked because of the continuance of the hearing, insisted that he did not desire to be represented by this lawyer and that he wished to conduct the proceedings himself without the aid of counsel. In view of the petitioner's insistence the Court acceded to his wishes and relieved counsel of his assignment. In spite of the petitioner's attitude counsel then requested and was given permission to participate in the proceedings as amicus curiae. At the close of the hearing he also requested and was given time in which to prepare and file a brief in support of petitioner's contentions which has been carefully considered by this Court.

The evidence adduced at the hearing and an examination of the records of the proceedings in the Courts of Rhode Island establish the following facts: on February 27, 1950, the petitioner was placed on trial before a judge and jury in the Superior Court on an indictment charging him with having committed an abortion; that prior to his trial he had engaged counsel and was represented by counsel during the trial; that on the second day of the trial he became dissatisfied with the manner in which his counsel was conducting the trial; that he requested permission of the trial court to discharge his counsel and at the same time requested the court to declare a mistrial and to grant a continuance so that he might engage new counsel, which requests the court denied; that his counsel remained in the case, and at the conclusion of the trial the jury returned a verdict of guilty; thereafter his counsel within the time prescribed by law filed a motion for a new trial in behalf of the petitioner and a request for leave to withdraw as his counsel; this request was granted and the petitioner on the date set for hearing the motion for a new trial requested the trial court to appoint the Public Defender of the State of Rhode Island as his counsel, claiming he was indigent; the court found he was not in fact indigent, denied him the services of the Public Defender and continued the hearing on the motion for one week to enable the petitioner to engage new counsel;

one week later the petitioner appeared before the court without counsel and again urged the court to assign the Public Defender to represent him; the court then reiterated its finding that he was not indigent and again denied his request; the petitioner then requested and was given permission to argue his motion for a new trial; in doing so the court stated "I am not going to hold you up to any strict rules as I do a lawyer. I will give you all the latitude you desire."; after arguments by the petitioner and an assistant attorney general of the State of Rhode Island the motion for a new trial was denied and petitioner was sentenced to serve a term of seven years in the State Prison from and after the expiration of a sentence which he was then serving for a similar offense; thereafter the petitioner prepared and filed a bill of exceptions to secure a review of his conviction by the Supreme Court of the State of Rhode Island.

The evidence and record further establish that thereafter the petitioner at his request appeared before the Supreme Court to argue these exceptions; that despite the admonition of that court that he should have counsel and its suggestion that the hearing on the exceptions be continued until he could obtain counsel, he insisted upon proceeding as his own counsel, Lee v. Kindelan, 1953, 80 R.I. 212, 95 A.2d 51; that all of his exceptions were thereafter overruled and his conviction sustained, State v. Lee, 1951, 78 R.I. 46, 78 A.2d 793; that later petitioner filed an application for a writ of habeas corpus in the Supreme Court of the State of Rhode Island and in this Court's opinion raised the same questions as are herein presented; that this petition was later denied and dismissed, Lee v. Kindelan, supra.

On May 1, 1953 the petitioner filed an application for a writ of habeas corpus in this Court, similar in content to the instant petition. This was denied without prejudice because he had not applied to the Supreme Court of the United States for a writ of certiorari to review the action of the Supreme Court of Rhode Island. Petitioner then made such an application which was denied on June 15, 1953. Having exhausted his state remedies the petitioner then prepared and filed the application now before this Court.

In addition to the contentions advanced by the petitioner which the amicus curiae seeks to maintain in his brief he strongly urges upon this Court that the "sole issue" here is whether petitioner was denied his constitutional right to counsel in the Superior Court from the time of the verdict of the jury to the time petitioner argued his bill of exceptions before the Supreme Court. He further asserts that this question was never decided by that Court. This Court cannot agree with this assertion. In Lee v. Kindelan, supra, the Court 80 R.I. at page 216, 95 A.2d 51, at page 53, states:

> "* * * He [petitioner] contends that the trial justice had no authority to grant the attorney's motion to withdraw unless at the same time other counsel was assigned at the expense of the public to assist him in his 'Appeal to Rhode Island Supreme Court.' * * *"

and further in 80 R.I. at page 224, 95 A.2d at page 55:

> "* * * that he [petitioner] intelligently, understandingly, deliberately, and voluntarily waived his right, if any, to have further counsel. * * *"

■ On the other hand if it is his contention that this "sole issue", as he terms it, has never been presented to the Supreme Court of the State of Rhode Island, then it is improperly before this Court and cannot be considered by it. It is a substantive and independent claim of denial of a constitutional right which not having been presented to the state courts is not open for adjudication by this Court on an application for a writ of habeas corpus. See 28 U.S.C.A. § 2254; Melanson v. O'Brien, 1 Cir., 1953,

203 F.2d 934; Ex parte Sullivan, D.C.D. Utah 1952, 107 F.Supp. 514.

■ When a person who has been convicted and sentenced after a public trial in a state court seeks to obtain his release from confinement by an application for a writ of habeas corpus in a federal court the burden rests upon him to allege and prove primary facts, not inferences, that show, notwithstanding the strong presumption of constitutional regularity in the state judicial proceedings, that in his prosecution the state so departed from constitutional requirements as to justify the intervention of the federal court to protect his rights. See Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

■ The right to assistance of counsel and "due process of law" guaranteed by the Fifth and Sixth Amendments to the United States Constitution are not limitations upon the power of the states, but operate upon the national government only, applying only to trials in the federal courts. Thorington v. Montgomery, 1893, 147 U.S. 490, 13 S.Ct. 394, 37 L.Ed. 252; Palko v. Connecticut, 1937, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288; Betts v. Brady, 1942, 316 U.S. 455, 62 S. Ct. 1252, 86 L.Ed. 1595. Since petitioner here attacks proceedings before a state court, the Fifth and Sixth Amendments to the Constitution of the United States are therefore inapplicable. However, a denial by a state of rights or privileges specifically embodied in the Fifth and Sixth Amendments to the federal constitution may, in certain circumstances, operate to deprive a person of due process of law in violation of the Fourteenth Amendment. The Fourteenth Amendment requires that state action be consistent with fundamental principles of liberty and justice and prohibits the conviction and imprisonment of one whose trial is offensive to the common and fundamental ideas of fairness and right. One of the issues presented here is whether the failure of the petitioner to have benefit of counsel subsequent to his conviction in the state court amounted to a denial of rights guaranteed him under the Fourteenth Amendment.

■ The due process clause of the Fourteenth Amendment does not contain an inexorable command that a defendant be represented by counsel in all trials in all courts regardless of the offense. In Betts v. Brady, supra, the United States Supreme Court held that for non capital offenses in state courts, the right to have counsel appointed under the due process clause exists only if a fair hearing is not possible otherwise. This rule has been reiterated and discussed in numerous other decisions and it may be safely stated that only where exceptional circumstances exist in the light of which lack of counsel would result in shocking injustice to an accused does the Fourteenth Amendment require that in proceedings in a state court counsel be provided for a defendant in a non capital case. See Foster v. Illinois, 1947, 332 U.S. 134, 67 S.Ct. 1716, 91 L.Ed. 1955; Bute v. Illinois, 1948, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986; Quicksall v. Michigan, 1950, 339 U.S. 660, 70 S.Ct. 910, 94 L.Ed. 1188. To invalidate the proceedings in the state court petitioner must establish that for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement. As the cases referred to above indicate, and as other cases have decided, the question of constitutional right turns very much upon the circumstances of the particular case, the age of the accused, his intelligence, his experience before the courts, the charges, and the occurrences at the trial, such as how effectively the court interposed to protect the rights of the accused. In this connection, it appears that at all times when petitioner was proceeding without counsel, the Superior Court of Rhode Island made every effort to insure petitioner a fair, just, and impartial hearing and, cognizant of petitioner's limitations, made every effort to assist him.

Similarly, when his bill of exceptions was before the Rhode Island Supreme Court, it appears that petitioner received

every possible consideration. In State v. Lee, 78 R.I. 46, at page 47, 78 A.2d 793, the court states:

"The bill of exceptions is not in proper form, *but by a liberal interpretation thereof* we have been able to find that the following exceptions have been sufficiently stated and identified so as to warrant our consideration. * * *

"However, *after carefully reading the transcript* we are satisfied that certain rulings of the trial justice which defendant strongly asserts to be errors were in fact not erroneous."

It appears from the record and from testimony during the hearing before this Court that petitioner has had extensive experience in criminal proceedings before the state courts. Before this Court petitioner admitted the following:

December 2, 1920, following a plea of nolo contendere, to a charge of committing a criminal abortion he was given a deferred sentence.

February 28, 1921, he was sentenced by the Superior Court to five years imprisonment for violating the terms of such deferred sentence.

March 23, 1923, following a plea of nolo contendere to a charge of committing abortion, he was given a deferred sentence.

December 22, 1923, petitioner was sentenced by the Superior Court to serve six years in the State Prison for violation of the terms of that deferred sentence.

August 1, 1933, after trial and conviction on another charge of criminal abortion resulting in death, petitioner was sentenced to serve twenty years in the State Prison.

March 17, 1950, having been granted liberty by the State parole board on a conditional parole on January 30, 1945, after trial and conviction on still another charge of abortion, petitioner was sentenced to seven years imprisonment from and after the expiration of a sentence of twenty years then being served by him in the State Prison.

Petitioner is sixty-five years old and from his conduct before this Court appears to have above average intelligence and to be vastly more capable of conducting his defense before a court of law than would be the average person.

Petitioner and amicus curiae cite numerous cases in support of their position before this Court. A recital of these authorities, in addition to being lengthy, would be of little assistance here. It suffices to here point out that all are distinguishable from the instant proceedings since all either refer to trials before a federal court, or for capital offenses, or involve external circumstances which bring the case squarely within the exception pointed out in Betts v. Brady, supra, and shocking injustice was apparent. Furthermore, in no case cited wherein a non capital offense was concerned was the accused represented by counsel during the trial before the jury as in the case at bar.

Even in cases before a federal court, where counsel must be assigned an indigent defendant in all criminal prosecutions, it has been uniformly held that the Sixth Amendment does not secure to a defendant a right of appeal and a failure to have counsel after sentence would not constitute a violation of the Sixth Amendment. In Lovvorn v. Johnston, 9 Cir., 1941, 118 F.2d 704 certiorari denied, 1941, 314 U.S. 607, 62 S.Ct. 92, 86 L.Ed. 488, the Court stated that the right to counsel in the trial of a criminal case as guaranteed by the Sixth Amendment must refer to the Court of original jurisdiction only.

In Brown v. Johnston, 9 Cir., 1942, 126 F.2d 727 certiorari denied, 1942, 317 U.S. 627, 63 S.Ct. 39, 87 L.Ed. 507, where appellants, convicted of kidnapping in a United States District Court petitioned for a writ of habeas corpus alleging, inter alia, that failure of court to appoint counsel to assist in perfecting their appeal deprived them of a constitutional right, the court on appeal from District Court's discharge of the writ held that failure to appoint such counsel, even if

requested, would not have deprived appellants of any constitutional rights.

 Since the Fifth and Sixth Amendments to the Constitution of the United States do not impose upon federal courts the obligation to appoint counsel for indigent defendants for appellate purposes, it cannot be said that the Fourteenth Amendment imposes such an obligation upon a state court unless such obligation arises under the organic law of the state.

Petitioner relies partly on Article I, § 10 of the Constitution of the State of Rhode Island which provides that "In all criminal prosecutions, the accused shall enjoy the right * * * to have the assistance of counsel in his defence". At no stage in the proceedings before the state courts does it appear that this right was denied to the petitioner. There is no evidence of any refusal of permission to the petitioner to communicate with his family, his friends or with a lawyer. On the contrary, it is clear that the trial judge granted a continuance of the hearing on petitioner's motion for a new trial for the express purpose of giving him an opportunity to engage new counsel. A similar opportunity was later offered to the petitioner by the Supreme Court but rejected by him.

Petitioner erroneously regards as synonymous the right to be represented by counsel of one's choice and the privilege of enjoying the assistance of counsel provided by the State in certain situations pursuant to the provisions of Chapter 1007 of the Public Laws of Rhode Island, 1941.

 In Lee v. Kindelan, supra, the Supreme Court of Rhode Island gave its interpretation of the provisions of said Chapter 1007. In substance it ruled that the power to appoint the Public Defender to represent a person charged with crime was vested in the Superior Court and was to be exercised by it within its sound judicial discretion. This Court is bound by that interpretation.

 The Superior Court on two occasions determined that the petitioner was not indigent within the meaning of said chapter and denied him the services of the Public Defender. This Court is strongly of the opinion that this determination should not be disturbed. Andrews v. Swartz, 1895, 156 U.S. 272, 15 S.Ct. 389, 39 L.Ed. 422; Buchalter v. York, 1943, 319 U.S. 427, 63 S.Ct. 1129, 87 L. Ed. 1492. While it may be that where it appears clearly that there has been a gross violation of a defendant's constitutional rights in a finding of this nature, a United States Court will strike down the trial and judgment of a state court, no such situation is presented here.

 The evidence presented to this Court does not disclose that any advantage was taken of the petitioner in the courts of the State of Rhode Island. The picture developed is not that of a bewildered, confused and immature defendant being coerced unreasonably to conduct his own defense against a serious criminal charge. On the contrary it is the picture of a self-assured, mature adult with an experience and familiarity with criminal proceedings extending over many years, calculatingly aware of his predicament and insistent, as shown by his attitude before this Court, upon proceeding without a lawyer in the apparent belief that he was himself best qualified to protect his own interests and to advance his contentions. This Court is satisfied that petitioner was accorded every consideration to which he was entitled and that he was not deprived of any rights guaranteed to him by either the Constitution of the United States or the Constitution of the State of Rhode Island.

The application of the petitioner for a writ of habeas corpus is denied and dismissed.