**John H. LEE, Petitioner,**

v.

**Harold V. LANGLOIS, Acting Warden, R. I. State Prison.**

**Misc. No. 568.**

United States District Court
D. Rhode Island.

Feb. 21, 1958.

John H. Lee per se.
No appearance for defendant.

DAY, District Judge.

This is another of a succession of petitions for a writ of habeas corpus by John H. Lee, a prisoner confined in the Rhode Island adult correctional institutions under sentence imposed by the Superior Court of the State of Rhode Island on March 17, 1950. This sentence was for a term of seven years "from and after the expiration of a sentence" of 20 years which petitioner was then serving.

The petition alleges in substance the following: that on August 1, 1933, following his conviction on a charge of criminal abortion resulting in death the petitioner was sentenced to serve 20 years in prison; on January 30, 1945, after having served 11 years, 5 months and 29 days of that sentence, he was released on parole in accordance with the provisions of the General Laws of Rhode Island, 1938, Chapter 617, as amended, by the state board of parole which issued a parole permit to him to remain at liberty during the unexpired term of his sentence unless said permit "shall be sooner revoked or become void"; that on July 14, 1949, while on parole, he was again arrested and charged with having committed another criminal abortion; that upon his plea of not guilty, he was released on bail; that subsequently in September 1949 he was indicted by the grand jury upon this charge; that on October 9, 1949 the parole board revoked his parole without first giving him a hearing and that on December 24, 1949

he was arrested pursuant to said revocation of parole and recommitted to the state prison, now known as a part of the state adult correctional institutions, where he has since been detained and is now detained; that on March 17, 1950, following a jury trial and conviction on said indictment, returned in September 1949, he was sentenced to be imprisoned for and during the term of 7 years from and after the term of 20 years then being served by him; that his said parole was never validly revoked and further, that said 20 years sentence automatically expired on April 20, 1950 because he was entitled to certain credits in reduction thereof for "good behavior and work done" under the statutes of Rhode Island and hence his sentence of 7 years imposed on March 17, 1950 has been fully served and that he is now illegally deprived of his liberty.

The petition further alleges that he has exhausted all state remedies.

■ Since the petitioner is a state prisoner this Court is not authorized to issue the writ of habeas corpus sought by him unless he is deprived of his liberty in violation of the Constitution of the United States. The rule is clearly stated in Brown v. Allen, 1953, 344 U.S. 443, at page 485, 73 S.Ct. 397, at page 421, 97 L.Ed. 469 to be as follows:

"The writ of habeas corpus in federal courts is not authorized for state prisoners at the discretion of the federal court. It is only authorized when a state prisoner is in custody in violation of the Constitution of the United States. 28 U.S.C. § 2241. * * *"

■ The grounds upon which the instant petition is based and the questions raised therein are the same which were passed upon and decided adversely to the petitioner by the Supreme Court of Rhode Island in the cases of Lee v. Kindelan, 1953, 80 R.I. 212, 95 A.2d 51, and Lee v. Gough, 1957, 133 A.2d 779, wherein the facts fully appear. In these cases the Supreme Court of Rhode Island interpreted the statutes which are in-

volved in the instant petition. Absent a violation of the fundamental principles of justice the determination by the highest court of a state of the meaning of a statute of that state is conclusive so far as any federal question is concerned. Akins v. State of Texas, 1945, 325 U.S. 398, 65 S.Ct. 1276, 89 L.Ed. 1692; Hebert v. State of Louisiana, 1926, 272 U.S. 312, 47 S.Ct. 103, 71 L.Ed. 270; Johnson v. Tucker, 4 Cir., 1957, 249 F.2d 650; Lundy v. Michigan State Prison Board, 6 Cir., 1950, 181 F.2d 772; Pulson v. American Rolling Mill Co., 1 Cir., 1948, 170 F.2d 193. In my opinion it cannot be said that the interpretations of said statutes by the Supreme Court of Rhode Island are in violation of the fundamental principles of justice. On the contrary, the opinions of that court are obviously consistent with the fundamental principles of justice. Since the petitioner's contentions have been adequately considered and authoritatively decided by the Supreme Court of Rhode Island, the petitioner is clearly not entitled to the relief he seeks.

The petition is denied and dismissed.