558

JUNG et al. v. CITY OF WINONA et al.

Civil Action No. 286.

District Court, D. Minnesota,
First Division.

May 14, 1947.

Ray G. Moonan, of New Prague, Minn.,
Harry E. Ryan, of Minneapolis, Minn., and
John Sturner, of New Prague, Minn., for
plaintiffs.

J. A. A. Burnquist, Atty. Gen. of Minnesota, Ralph A. Stone, Asst. Atty. Gen.,

Irving M. Frisch, Sp. Asst. Atty. Gen., and W. Kenneth Nissen, Co. Atty., and Harold K. Brehmer, City Atty., both of Winona, Minn., for defendants.

Before SANBORN, Circuit Judge, and NORDBYE and DONOVAN, District Judges.

PER CURIAM.

This case came on for final hearing at St. Paul, Minnesota, on April 24, 1947, before a statutory court consisting of the three judges above named, upon the application of the plaintiffs for an injunction to restrain the threatened revocation of their state licenses for the sale of non-intoxicating malt liquor. The case was submitted upon the pleadings and the arguments and briefs of counsel.

The question for decision is whether Section 1 of Chapter 138,[1] Laws of Minnesota 1939, Minn.Stat.1945, and M.S.A. § 340.025, contravenes the Constitution of the United States.

The meaning of the statute is plain and unambiguous. It makes the holder of a retail liquor dealer's federal special tax stamp for the sale of intoxicating liquor, who has no equivalent license from the state, ineligible to have or retain a state license to sell non-intoxicating malt liquor.

The plaintiffs are threatened with the revocation of their non-intoxicating malt liquor state licenses solely because they have retail liquor dealers' federal tax stamps, but no state licenses to sell intoxicating liquor.

The plaintiffs contend that, under the Constitution of the United States, the State may not make the mere holding of a retail liquor dealer's federal tax stamp the basis for the revocation of a state license to sell non-intoxicating liquor. They assert that to do so is to burden the power of the United States to tax, in violation of § 8 of Article I of the Constitution, and to deprive the plaintiffs of their property in contravention of the due process and equal protection clauses of the Fourteenth Amendment. The plaintiffs also refer to the Fifth Amendment, but that is a restriction on federal power and inapplicable to this case. Thorington v. City Council of Montgomery, 147 U.S. 490, 492, 13 S.Ct. 394, 37 L.Ed. 252.

The argument that the state statute in suit burdens the federal power of taxation is based largely on the decision of the Supreme Court of the United States in Flaherty v. Hanson, 215 U.S. 515, 30 S. Ct. 179, 54 L.Ed. 307. In that case it was held by a divided court that the State of North Dakota could not require the holder of a federal liquor license to file, at his own expense, a copy thereof with a state officer and to publish notice of the particulars contained in the license and other details respecting the place where the license was posted, because such requirements burdened the taxing power of the United States. The statute challenged in the instant case imposes no conditions or limitations upon the issuance or use of federal liquor licenses. It merely provides that the holder of a federal liquor license who has not been

---

[1] "Chapter 138.

"An act relating to non-intoxicating malt liquor and intoxicating liquor licenses.

"Be it enacted by the Legislature of the State of Minnesota:

"Section 1. No license for the sale of non-intoxicating malt liquor, containing not more than 3.2% of alcohol by weight, shall be issued to any person who is also the owner and holder of, or to whom there is hereafter issued, a Federal retail liquor dealers special tax stamp for the sale of intoxicating liquor at any place unless there has also been issued to such person a license to sell intoxicating liquor pursuant to the laws of this state at such place; and the non-intoxicating malt liquor license of any person who is

also the owner and holder of, or to whom there is hereafter issued, such Federal retail liquor dealers special tax stamp, and who does not have a license to sell intoxicating liquors pursuant to the laws of this state for such place, shall be forthwith revoked by the governing body issuing the same, without notice and without a hearing on such revocation.

"Sec. 2. Any person who sells non-intoxicating malt liquor, containing not more than 3.2 per cent alcohol by weight, while holding or exhibiting in his place of business a Federal retail liquor dealer's special tax stamp, without having an intoxicating liquor license under the laws of Minnesota, shall be guilty of a misdemeanor.

"Approved April 4, 1939."

authorized by the State to sell intoxicating liquor may not have a state license to sell non-intoxicating malt liquor. Since a federal liquor license is not required by one who sells only non-intoxicating malt liquor, there is no conflict between the statute in suit and the pertinent federal taxing statute.

The rules of law applicable to actions to enjoin the enforcement of state statutes upon the ground that they are violative of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States were fully considered and discussed by the statutory court which decided the case of Paramount Pictures, Inc., v. Langer, D.C.N.D., 23 F.Supp. 890. It was there pointed out that the state legislature is primarily the judge of the necessity of the statute which is challenged; that every possible presumption is in favor of its validity; that it may not be annulled unless it is palpably in excess of legislative power; that the guaranty of due process demands only that the policy declared by the statute and the means selected for its enforcement shall have a real and substantial relation to the object sought to be attained, and that the statute shall not be arbitrary or capricious.

 We think that the statute in suit bears a real and substantial relation to the regulation of the liquor traffic by the State, and does not represent an arbitrary or capricious exercise of legislative power. It reasonably can be assumed that persons who procure retail liquor dealers' federal tax stamps do so for a purpose, and that it is more likely that the holder of such a stamp will sell intoxicating liquor than a person who, if he sells such liquor, will be subject to both state and federal prosecution. It is inconsistent for one authorized by the State to sell only non-intoxicating liquor, to hold a federal license to sell intoxicating liquor. The existence of power, opportunity, and temptation to do what is against public policy is a sufficient basis for legislative action. Paramount Pictures, Inc., v. Langer, supra, 23 F.Supp. 890, at pages 900, 901, and cases cited.

The plaintiffs assert that the statute creates a conclusive presumption that they have violated the law, and that the presumption is unreasonable and invalid. There is no merit in the argument. The statute creates no presumption of any kind. It is apparent that the Legislature, in enacting the statute in suit, concluded that the holders of retail liquor dealers' federal tax stamps, who had no state licenses to sell intoxicating liquor, were unsuitable persons to have state licenses for the sale of non-intoxicating malt liquor, because they were potential (although not actual) law violators.

Our conclusion is that Section 1 of Chapter 138, Laws of Minnesota 1939, is not violative of the Constitution of the United States and that the defendants are entitled to a dismissal of this action on the ground that the complaint fails to state a claim upon which relief can be granted.

Judgment will be entered accordingly.