## HARRISON et al. v. ROBB MFG. CO.
### Civ. A. No. 5930.

United States District Court
D. Maryland, Civil Division.

Feb. 12, 1953.

C. Edward Hartman, II, Fell & Hartman, Baltimore, Md., for plaintiffs.

John Henry Lewin, Venable, Baetjer & Howard, Baltimore, Md., for defendant.

CHESNUT, District Judge.

In this civil action the plaintiffs, residents of Maryland, sue the defendant, a Pennsylvania corporation, for an alleged breach of contract. The suit was originally filed in this court on July 23, 1952. On August 28, 1952, the defendant filed a motion to dismiss the action for lack of venue jurisdiction and to quash the return of service of summons which was attempted to be made upon the defendant by service on the State Tax Commission of Maryland pursuant to Maryland statutes relating to foreign corporations, Code 1951, art. 23, § 83 et seq.

In support of the motion to dismiss and to strike service the defendant filed a full affidavit stating its activities to the effect that it had not been and was not doing business in Maryland. The motion was in due course set for hearing on January 16, 1953. In the afternoon of January 15th the plaintiffs filed an opposing affidavit which defendant contends was not timely filed under the applicable rule. However, I have heard oral argument of counsel and have considered their extended briefs in support of and in opposition to the motion and have also read and considered in that connection the opposing affidavit despite its apparent belated filing.

My conclusion is that the motion to dismiss for lack of venue jurisdiction must be granted.

United States Code, title 28, § 1391(c) provides as follows:

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

As is well known, this is the applicable provision of the Federal Judicial Code of 1948 which superseded prior statutes upon the subject. As the defendant corporation was incorporated under the laws of the State of Pennsylvania and not licensed to do business in Maryland the determinative question in the case is whether it was doing business in Maryland. I conclude on the affidavits that it clearly was not.

It is not clearly alleged in the complaint just what was the contract or agreement between the parties or where or how it was made, that is, whether in Pennsylvania or in Maryland. The affidavit of the defendant in support of the motion is to the effect that no agreement either written or oral was ever consummated and the implication would seem to be that if there was an agreement of some nature it was made in Pennsylvania rather than in Maryland. The defendant corporation is engaged in the manufacture and interstate shipment, pursuant to orders accepted in Pennsylvania, of hose couplings. It appears from the papers that there were some, at least, tentative negotiations between the plaintiffs and the defendant looking to an agreement, whereby the plaintiffs would become local distributors of the defendant's product. In this connection a sales manager of the defendant made two trips to Maryland to confer with the plaintiffs and incidentally while there apparently assisted the plaintiffs in soliciting orders for the defendant's products and demonstrating how they worked. The defendant received, accepted in Pennsylvania and filled by interstate shipment, about 14 orders for its products, to Maryland customers. From the affidavits it appears that this was in substance the only contacts of the defendant with Maryland.

The defendant had no office and no agent in Maryland, no banking connection, no telephone listing and it had not complied with the Maryland Foreign Corporation Law by appointing a resident agent. On these facts set out at some length in the defendant's affidavit and not materially contradicted or added to by the plaintiffs' affidavit in opposing the motion, my conclusion is that the defendant was not "doing business" in Maryland within the meaning of the venue provision of the Federal Judicial Act above quoted. In the numerous Maryland and federal judicial decisions quoted or referred to in the briefs of counsel I do not find any decided case

850

which would warrant the holding that on the facts here appearing the defendant could be properly considered as doing business in Maryland. As the case was originally instituted in this court and was not a removed case from the State court it seems quite unnecessary to consider in detail the provisions of the Maryland Foreign Corporation Law applicable to suits in the Maryland State Courts. I will assume, however, that if the facts established that the defendant was doing business in Maryland the method of substituted service provided for by the Maryland statute would become applicable. But as the defendant was not doing business in Maryland it follows that the attempted service on the State Tax Commission of Maryland was ineffective and should be vacated. And as the required federal venue statute relating to a foreign corporation has not been met the case must be dismissed for lack of venue jurisdiction, and, of course, therefore without prejudice to the plaintiffs on the merits of the case.