**AIR DEVICES, Inc., Plaintiff,**

v.

**TITUS MANUFACTURING CORP. and C. R. Hutcheon, Inc., Defendants.**

**Civ. A. No. 867–58.**

United States District Court
D. New Jersey.

Nov. 7, 1958.

---

Harry Sommers, Newark, N. J., by Harry Price, New York City, of counsel, for plaintiff.

Harry B. Rook, Newark, N. J., and Marzall, Johnston, Cook & Root, Chicago, Ill., by Lloyd C. Root, Chicago, Ill., for defendants.

WORTENDYKE, District Judge.

Plaintiff is a New York corporation, doing business in that State; defendant Titus Manufacturing Corp. (Titus) is an Iowa corporation, with its principal place of business in that State; and C. R. Hutcheon, Incorporated (Hutcheon) is a

corporation of and has its principal office in the State of New Jersey. Service of process on both defendants was effected upon Mary D. Hutcheon as "agent and sales representative" of Titus and in her capacity as Secretary of Hutcheon at her residence, the principal office of Hutcheon, in Livingston, New Jersey. The action invokes the diversity jurisdiction of this Court, and that arising under the copyright laws. 28 U.S.C. §§ 1332 and 1338 (1952).

Titus has moved for dismissal for lack of personal jurisdiction by reason of improper service of process, and, in the alternative, for transfer of the action to the appropriate United States District Court in the State of Iowa. Hutcheon's motion for dismissal on grounds unrelated to this opinion, was denied at the conclusion of oral argument thereon.

From the affidavits and other material submitted to the Court the following facts appear: Titus, in Iowa, manufactures air diffusers used in building construction, which it sells to building contractors in interstate commerce through sales representatives in other States. Hutcheon is the sales representative for Titus in New Jersey. The products of Titus are described and illustrated in its catalogue, which it furnishes to Hutcheon and its other sales representatives for use in securing orders for the products of Titus. Hutcheon fills orders which it takes from New Jersey purchasers by purchasing the merchandise from Titus at a discount price, and re-selling it at a higher price to the consumer. In some instances, shipment of the merchandise is made by Titus to Hutcheon; in other instances, shipment of the merchandise is made by Titus directly to Hutcheon's customer. Titus owns no real or personal property, maintains no office and has no employees in New Jersey. It is not listed in any New Jersey telephone directory, and its name does not appear at Hutcheon's office, nor does it contribute to the expenses of Hutcheon's office. Titus has not "authorized Clifford R. Hutcheon, President of C. R. Hutcheon, Incorporated, to represent it as a managing or general agent or as an agent authorized by appointment or by law to receive service of process and it has never held out said Clifford R. Hutcheon as having such authority." We are not told whether the Hutcheon corporation was so authorized. The Titus catalogue, however, announces that it has sales representatives in all principal cities, including Newark, New Jersey, and names John B. Hewett Co., Inc., of 2165 Morris Avenue, Union, New Jersey, as one of such representatives. Hutcheon is a sales representative for other manufacturers besides Titus.

The criteria for determining when a corporation is "found" or is "present" in a State in which it is neither incorporated nor licensed to do business for purposes of service of process in a personal action against it are set forth in International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. The essence of the principle of International Shoe is distilled in Erlanger Mills, Inc., v. Cohoes Fibre Mills, 4 Cir., 1956, 239 F.2d 502, at page 505:

> "The standard of jurisdictional due process * * * is that the defendant have 'certain minimum contacts' with the state of the forum, 'such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."' * * * The problem in each case * * * is to determine whether or not the relationships, ties, and contacts between the defendant and the state of the forum warrant jurisdiction."

Judge Learned Hand offers help somewhat more specific in Hutchinson v. Chase & Gilbert, 2 Cir., 1930, 45 F.2d 139, 141–142:

> "There must be some continuous dealings in the state of the forum; enough to demand a trial away from (defendant's) home. * * * Possibly the maintenance of a regular agency for the solicitation of business will serve without more. * * * Purchases, though carried on regularly, are not enough, * *

nor are the activities of subsidiary corporations. * * * The maintenance of an office, though always a make-weight, and enough, when accompanied by continuous negotiation, to settle claims * * *, is not of much significance."

I do not find Titus present in New Jersey so as to support service of process under 28 U.S.C. § 1400(a) (1952). Although Hutcheon may be referred to as the sales agent of Titus, its relationship to Titus is that of an independent contractor, as was that which existed between Product Sales, Inc. and the defendant in Springs Cotton Mills v. Machinecraft, Inc., D.C.W.D.S.C.1957, 156 F.Supp. 372. Accord: Davega, Inc., v. Lincoln Furniture Mfg. Co., 2 Cir., 29 F.2d 164. The motion of Titus to quash service of summons and to dismiss the complaint is granted. An appropriate order may be presented.