**DAHLBERG COMPANY, a Minnesota corporation, Plaintiff,**

**v.**

**AMERICAN SOUND PRODUCTS, INC., an Illinois corporation, and Dahlberg Western Company, Inc., an Oregon corporation, Defendants.**

**No. 4–59 Civ. 35.**

United States District Court
D. Minnesota,
Fourth Division.

Sept. 18, 1959.

Harold D. Field, Jr., of Leonard, Street & Deinard, Minneapolis, Minn., for moving defendant in support of motion.

John M. Palmer, of Levitt, Palmer & Rogers, Minneapolis, Minn., for plaintiff, in opposition.

NORDBYE, District Judge.

This action is before the Court on a motion by defendant American Sound Products, Inc., to set aside service of process and dismiss the complaint against it for lack of jurisdiction over its "person."

The Dahlberg Company, a Minnesota corporation, with its principal offices and place of business in Golden Valley, Minnesota, commenced this action by having the complaint and summons served upon the Secretary of the State of Minnesota. Dahlberg Western Company, Inc., and American Sound Products, Inc., foreign corporations and defendants herein, were never personally served in Minnesota. American Sound Products makes this motion to dismiss the complaint under Rule 12(b) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. There is no such motion before the Court by Dahlberg Western Company, Inc., the other defendant in this action.

The plaintiff, in its complaint, alleges substantially as follows: It is engaged in the business of manufacturing and selling hearing aids and related products. Dahlberg Western Company, Inc., is an Oregon corporation which had entered into an agreement with plaintiff on October 1, 1958, whereby Dahlberg Western became the exclusive distributor of plaintiff's products in certain areas of Oregon, Washington, and British Columbia. Dahlberg Western agreed to use its best efforts to sell and promote the sale of plaintiff's products and not to make representations or advertise adversely to plaintiff's business interests. Until February 1, 1959, both parties to the agreement performed according to their contract. Such performance resulted in frequent attendance of Harold S. Jones, president of Dahlberg Western, at sales meetings and conferences in plaintiff's offices in Minnesota. At these meetings, business policies were discussed. There also was frequent correspondence between Dahlberg Western and plaintiff relating to their business.

On February 1, 1959, or thereabouts, Jones attended a conference called by plaintiff at its Golden Valley office, which is adjacent to Minneapolis. At that conference, Jones requested plaintiff to disclose secret information concerning the new line of hearing aids and prices to be charged therefor which plaintiff planned to release two months later. Jones represented that the disclosure of the information would enable Dahlberg Western to improve their business and that such information would be kept confidential. Relying upon these repre-

sentations, plaintiff disclosed to Jones the prices and new lines of hearing aids which it planned to release on April 1st.

Jones then went to Robert S. Lubin, president of American Sound Products, Inc., an Illinois corporation, in his office in Chicago and disclosed the information received from plaintiff. American Sound Products also produces hearing aids and related products and is a competitor of plaintiff. Following immediately upon the disclosure of the confidential information to Lubin, American Sound Products and Dahlberg Western collaborated, without plaintiff's knowledge, in a course of action designed to cause plaintiff's dealers and distributors on the West Coast to terminate their business relationships with plaintiff. The defendants, American Sound Products and Dahlberg Western, undertook to persuade these dealers and distributors to become dealers in "Cleartone" hearing aids, a product of American Sound Products, on the strength of showing that better prices and models would be available from American Sound Products when compared with those contemplated by plaintiff.

At some time not made evident by the complaint herein, Jones, president of Dahlberg Western, also entered the employ of American Sound Products at a substantial salary and commission while he was also obligated to plaintiff under the agreement mentioned above. So that he could take advantage of his confidential relationship with plaintiff to obtain and deliver information gained thereby to American Sound Products, Jones did not terminate his contract with plaintiff. He also agreed to repudiate the contract with plaintiff and become the exclusive distributor of "Cleartone" hearing aids in the Pacific Northwest when plaintiff's business in that area would be effectively destroyed. Accordingly, plaintiff seeks substantial damages, an accounting, and injunctions restraining defendants from using their ill-gained knowledge and otherwise acting to the detriment of plaintiff.

The following facts appear from the affidavits on file: Defendant American Sound Products never has been qualified or authorized to do business in Minnesota. It sells "Cleartone" hearing aids for resale purposes to a drug store in each of the cities of Faribault, Windom, Long Prairie, and Worthington, Minnesota. Where such sales have been made, the purchase orders and payments were submitted by mail and the merchandise was sent into Minnesota by mail. The volume of these transactions was less than $2,500 during 1958. These drug store dealers are retail outlets where the products of many different manufacturers are sold. Attendants at these drug stores, by following an instruction pamphlet issued by American Sound Products, test a customer's hearing loss on "audiometer" equipment, fit a hearing aid, and provide the earmold to fit in the ear, as well as soliciting and taking orders for Cleartone hearing aids. American Sound Products supplies the equipment for such hearing loss testing and point-of-sale advertising matter to promote the sale of the hearing aids as well as inventories from which sales can be made. Although Mr. Lubin states that no representative of American Sound Products traveled in Minnesota for any business reason in the past six or seven years, Manuel von Rabenau, an employee of plaintiff, asserts that he went to American Sound Products' dealer in Worthington and was there told that an employee of American Sound Products visited "at intervals" and took charge of testing, demonstrating and fitting hearing aid spectacles for the benefit of customers.

When a sale of a Cleartone hearing aid is made, the purchaser fills out a postcard form and sends it to American Sound Products which sends back a printed form warranting the performance of that particular product for one year. If repairs are needed, the customer sends the hearing aid either directly to the Chicago plant or gives it to the drug store dealer, who sends it there. In either case, the hearing aid may be accompanied by instructions noted on forms supplied by

American Sound Products to its drug store dealers.

American Sound Products has no business contacts in Minnesota other than those mentioned above. It has no warehouses or other storage facilities, booths or display rooms, offices, vehicles, or bank accounts in Minnesota. It does not make deliveries nor has it advertised or held directors' meetings in Minnesota. It does not have its name on office doors, vehicles, or in telephone directories in Minnesota.

The plaintiff contends that this Court has jurisdiction over the "person" of American Sound Products by virtue of service of process on the Secretary of the State of Minnesota pursuant to M.S.A. § 303.13, subd. 1, which provides:

"A foreign corporation shall be subject to service of process as follows:

\* \* \* \* \* \*

"(3) If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the State of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. Such process shall be served in duplicate upon the secretary of state, together with a fee of $6 and the secretary of state shall mail one copy thereof to the corporation at its last known address, and the corporation shall have 20 days within which to answer from the date of such mailing, notwithstanding any other provision of the law. The making of the contract or the committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the State of Minnesota."

■ It appears by a literal reading of the above statute that if a foreign corporation makes *any* contract to be performed in Minnesota, then it is doing business there whether or not the cause of action arises out of such contract and whether or not there are any other business contacts with Minnesota. American Sound Products no doubt entered into contracts to be performed in this State, but that fact, without more, cannot give a resident plaintiff the right to bring an action against a foreign corporation without personal service in Minnesota. If the cause of action arises out of a Minnesota tort or a contract to be performed in this State, the service of process on the Minnesota Secretary of State may be sufficient to give this Court jurisdiction over the "person" of American Sound Products. But the showing here will not support that hypothesis.

■ Plaintiff argues that Dahlberg Western, in the person of Jones, came to Minnesota to obtain confidential information and intended to give such information to American Sound Products pursuant to an agreement entered into between them *prior* to the commission of the tort which is the gravamen of this action. However, there is no mention of this fact in the pleadings, nor is there any showing that such was the case. This Court can accept for jurisdictional purposes only that which was fairly indicated in the pleadings or in the affidavits. Informal statements of counsel in their briefs cannot be considered. In other words, there is no showing here that at the time Jones came to Minnesota and obtained the confidential information from the plaintiff, he was *acting* as the agent of American Sound Products.

■ In addition, the fact that the effects of the tortious acts of American

Sound Products in competing unfairly elsewhere in the country may have been felt in Minnesota by plaintiff to its damage is not the type of activity which creates contacts with Minnesota so that the tort-feasor is amenable to substituted service. Moreover, this Court cannot obtain jurisdiction over the moving defendant upon the theory that it "ratified" or acquiesced in the tortious acts of Dahlberg Western if in truth and in fact American did not conspire with Dahlberg Western to use the fruits of the fraud until after Jones departed from Minnesota. It would be a considerable extension of the arm of this Court if it were to say that Dahlberg Western was an instrumentality of American for jurisdictional purposes when Dahlberg Western was committing the tort independently of and apart from American. If jurisdiction over a person is predicated upon the commission of a tort, then there must be some relationship or contact between American and Dahlberg Western in the State of Minnesota at the time the tortious acts occurred. The burden rests upon the plaintiff to make a showing of facts upon which jurisdiction must rest under the Minnesota statute in question. This it has failed to do.

■■ It has been suggested that the Minnesota legislature has indicated that the traditional narrow concepts of "doing business" are in disfavor in determining whether or not a foreign corporation is amenable to service of process outside the territory of the forum state. See M.S.A. § 303.13, subd. 1(3), quoted above. However that may be, it is axiomatic that a foreign corporation cannot thereby be deprived of property without due process of law, notwithstanding the provisions of state statutory law. United States Constitution, Amendment XIV, Sec. 2. The criterion stated by our highest court for determining the constitutional limitations respecting service of process is that "due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it

such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278." International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95.

■ It has been held that a foreign corporation cannot be served with process outside the forum under the due process clause when its only contacts with that state are the sending of goods which it manufactured into the state for resale, even if an agent on its behalf occasionally entered the state to solicit orders or for other business purposes. Mueller v. Steelcase, Inc., D.C.Minn.1959, 172 F.Supp. 416; Air Devices, Inc. v. Titus Mfg. Corp., D.C.N.J.1958, 167 F.Supp. 1; Springs Cotton Mills v. Machinecraft, Inc., D.C.W.D.S.C.1957, 156 F.Supp. 372; Harrison v. Robb Mfg. Co., D.C.Md.1953, 110 F.Supp. 848; Johns v. Bay State Abrasive Products Co., D.C.Md.1950, 89 F.Supp. 654; Truck Parts, Inc. v. Briggs Clarifier Co., D.C.Minn.1938, 25 F.Supp. 602; Colorado Builders' Supply Co. v. Hinman Bros. Construction Co., 1956, 134 Colo. 383, 304 P.2d 892; see 18 Fletcher, Cyclopedia of the Law of Private Corporations, Sec. 8726 (Morton S. Wolfe 1955); accord, Le Vecke v. Griesedieck Western Brewery Co., 9 Cir., 1956, 233 F.2d 772; Berkelhammer v. Whitehall Pharmacal Co., D.C. S.D.N.Y.1956, 143 F.Supp. 71. Mueller v. Steelcase, Inc., D.C.Minn.1959, 172 F.Supp. 416, recently decided by this Court, is a representative case in point on this issue. The plaintiff therein brought an action to recover damages for personal injuries sustained when an office chair collapsed, the chair having been bought from a Minnesota dealer of a Michigan furniture manufacturing corporation. The Michigan corporation had an agent who solicited orders in Minnesota, although his territory included several states in the Middlewest and he resided in Iowa. An attempt was made to obtain jurisdiction over the "person" of the Michigan corporation by serving

process upon the Secretary of State for Minnesota pursuant to M.S.A. § 303.13, subd. 1(3). This Court held that jurisdiction was not obtained as the Michigan corporation did not have the requisite contacts with Minnesota to make it constitutionally amenable to substituted service of process. The vagueness and hearsay quality of plaintiff's proof does not effectively show that American Sound Products had a local employee in this State, especially when the affidavit of Mr. Lubin, president of American Sound Products, is considered, wherein it is asserted that no employee of American Sound Products has entered Minnesota in recent years for business purposes.

■■ The cases above cited are controlling as it obviously follows from the principles established therein that if goods are sent into a forum state for resale purposes without other contacts with that state, then jurisdiction over the person of a non-resident foreign manufacturing corporation cannot constitutionally be obtained without personal service of process. The showing that American Sound Products furnishes point-of-sale advertising, equipment to test a customer's hearing loss, and a written agreement warranting the performance of a hearing aid for one year from the time of sale is clearly insufficient to establish that American Sound Products is "doing business" or has such contacts with Minnesota that it would be fair to have it defend suits against it in Minnesota, at least as to causes of action not arising out of such contacts. At any rate, incidental transactions such as warranties and point-of-sale advertising given by appliance manufacturers to their dealers and customers hardly creates substantial business activity or effectively enlarges contacts with respect to the shipping of goods to the forum state. To allow the plaintiff here to assert successfully that American Sound Products is doing business within Minnesota, would be saying, in effect, that a corporation which ships its manufactured products to retailers may be subject to suit anywhere that such goods are sold to the ultimate purchasers.

Plaintiff relies on Kahn v. Maico Co., 4 Cir., 1954, 216 F.2d 233, in support of its position. That case, however, is clearly distinguishable from the case at bar in that the resident dealer therein had an exclusive franchise contract with the foreign manufacturing corporation and that contract was the subject of the lawsuit. There, the dealer's business had been closely controlled and directed by the foreign corporation. In addition, employees of the foreign corporation visited the dealer to provide advice and direction as to the management of his business and even fixed the prices that he could charge. The contacts that the foreign corporation had with the forum there were far more than are present in this case.

■ Plaintiff states that it is reasonable to require American Sound Products to defend this suit in Minnesota as it is convenient to sue it here. That a dismissal of this action would inconvenience plaintiff is clear, since it is only in a Minnesota court that both defendants herein could be joined in a single action. The fact, however, that Dahlberg Western is an Oregon corporation and does not do business in a state where American Sound Products is amenable to personal service of process should not determine the latter's constitutional rights. That the defendants herein cannot be joined elsewhere is not a factor that creates any relationship or contacts by American Sound Products with Minnesota. That American Sound Products as a defendant foreign corporation may be convenienced or inconvenienced by a suit in a particular state is a proper consideration on the issue of its amenability there to substituted service of process. International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 317, 66 S.Ct. 154, 90 L.Ed. 95. But the inconvenience to plaintiff relative to its ability to obtain procedural advantages, particularly in relation to a third party (Dahlberg Western), is not here material.

It follows from the foregoing that plaintiff's complaint as to American Sound Products, Inc., must be dismissed for lack of jurisdiction, without prejudice, however. It is so ordered. An exception is allowed.

A stay of the above order for thirty days may be entered. It is so ordered.