John V. HUTCHINSON, Plaintiff,

v.

BOYD AND SONS PRESS SALES, INC., a division of Punch Press Repair Corporation, a Michigan corporation, and Diversified Products Company, a Michigan corporation, Defendants.

Civ. No. 5-60-65.

United States District Court
D. Minnesota,
Fifth Division.

Nov. 23, 1960.

James J. Courtney & Sons, by James J. Courtney, Jr., Duluth, Minn., for plaintiff.

Nye, Sullivan, McMillan, Hanft & Hastings, by James G. Nye, Jr., Duluth, Minn., for defendants.

DONOVAN, District Judge.

Jurisdiction is established by diversity and the amount sued for. Defendants above named will be referred to herein as Boyd, Punch, and Diversified respectively. Superwood Corporation will be referred to as Superwood.

The matter is presently before the court on motions by Boyd and Punch to quash service of process and to dismiss plaintiff's action.[1] The motion is opposed by plaintiff and Diversified. Diversified has answered and cross-claimed against Punch.

In summary the file contents disclose plaintiff's complaint which states a claim against defendants for personal injury and resulting damages met with during the course of his employment by Superwood and attributed to the negligence of defendants.

The chain of causation set forth in the complaint will in the interest of brevity be tabulated as follows:

(1) Boyd sold a "punch press" to Superwood at the request of Diversified.

(2) Diversified employed mechanics to assemble the press on Superwood's premises.

(3) The "punch press" as manufactured and assembled had "hidden defects" and

(4) Diversified negligently supervised the assembling of the defective press.

(5) That the above tortious conduct proximately caused the injury and damage to plaintiff employee of Superwood, and—

(6) Diversified cross-claims against Punch for contribution or indemnity if plaintiff prevails.

The motions by Boyd and Punch attack the alleged service of process as certified in "Return On Service of Writ" by the United States Marshal and which reads as follows:

"I hereby certify and return, that on the 25th day of July, 1960, I received this summons and served it together with the complaint herein as follows: on Boyd & Sons Press Sales, Inc., a division of Punch Press Repair Corporation, a Michigan Corporation, and on Diversified Products Company, a Michigan Corporation, on each of them by serving on the State of Minnesota, Department of State, by Joseph L. Donovan, Secretary of State by handing to and leaving true and correct copies for each above named with Arnold Anderson, Chief Clerk, authorized to accept service, and at time of service paid to him $6.00 for each service, total $12.00, as required by an opinion of the Attorney General of the State of Minnesota, Section 13, (2), (b), Chapter 303.13 Minnesota Statutes 1957, Services completed State Capitol, St. Paul, Minnesota on July 25, 1960 at 3:00 PM."

The sole question for decision is the legality of service made pursuant to

Minnesota Statutes Annotated, § 303.13, subd. 1(3).[2]

Plaintiff's case is founded on tort.[3]

 The most recent Minnesota law[4] on the service of process as applicable to this diversity case is to the effect that a manufacturer or seller of an article, inherently dangerous to the ultimate user of the product manufactured or sold, may be required to answer for negligence in a suit for injuries sustained by the plaintiff using it, regardless of privity of contract.

 Under and pursuant to the facts pleaded and as disclosed by supporting affidavits and the file contents of the instant case it appears therefrom, that one or the other or all the defendants may be guilty of committing a tort in Minnesota against a citizen of the latter state, and thereby constitute doing business as defined in said statute, making defendants amenable and subject to service of process as in said statute prescribed. The place of the wrongful tort is the place where the legal injury occurs; hence, if the allegations of the complaint are established by competent evidence, the defendants' tortious conduct in Minnesota amounts to doing business to such an extent as to come within the jurisdiction of the court and the law of the forum as declared and outlined in footnote 2 supra.[5]

Is the service of process made and certified by the United States Marshal supported by the file contents and the law applicable to the instant case?

Movants contend service of process was not effectually consummated for the claimed reason that they were at all times herein nonresident corporations and were not domiciled in Minnesota actually or constructively and were not doing business therein. Further movants contend that their alleged business contacts in Minnesota, when used as a factual yardstick, do not comply with the "traditional notions of fair play and substantial justice."[6] This should be considered from the standpoint of progress in law, practice and procedure as gleaned from the decided cases.

██ The trend toward liberality in construing statutes providing for jurisdiction over foreign corporations and service of process in connection therewith is creative of a "minimum contacts" rule as a prerequisite to the exercise of

2. Section 303.13, subd. 1(3) reads as follows:

"If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the State of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. Such process shall be served in duplicate upon the secretary of state, together with a fee of $6 and the secretary of state shall mail one copy thereof to the corporation at its last known address, and the corporation shall have 20 days within which to answer from the date of such mailing, notwithstanding any other provisions of the law. The making of the contract or the committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the State of Minnesota."

3. See paragraphs 3, 4, 5, 6 and 7 of the complaint.

4. See Atkins v. Jones & Laughlin Steel Corp., supra.

5. Atkins v. Jones & Laughlin Steel Corp., supra; Beck v. Spindler, 256 Minn. 543, 99 N.W.2d 670; Restatement, Conflict of Laws, §§ 377, 378.

6. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 158, 90 L.Ed. 95; Atkins v. Jones & Laughlin Steel Corp., supra.

89

ower over nonresident defendants.[7] A mere isolated act, depending upon the facts and circumstances of the case under consideration, may constitute doing business in the forum where process is served. The tortious act relied on by plaintiff was consummated in Minnesota.[8] In the words of Mr. Justice Black, " \* \* \* a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents."[9]

In my opinion the file contents of the case at bar satisfy the test required by Federal law.

The motions to quash are denied.

It Is So Ordered.

An exception is allowed movants.

bibliography
**7.** Atkins v. Jones & Laughlin Steel Corp., supra; McMenomy et al. v. Wonder Building Corporation of America, D.C., 188 F.Supp. 213.

**8.** Mueller v. Steelcase, Inc., D.C.Minn., 172 F.Supp. 416, 419 (The Mueller case is distinguished in that respect from the instant case.)

**9.** International Shoe Co. v. State of Washington, supra; McGee v. Interna-

tional Life Insurance Co., 355 U.S. 220, 222, 78 S.Ct. 199, 201, 2 L.Ed.2d 223; Jung v. City of Winona, D.C.Minn., 71 F. Supp. 558, 559.

