THIELE ENGINEERING COMPANY,
Plaintiff,

v.

WELDON FARM PRODUCTS, INC.,
Defendant.

THIELE ENGINEERING COMPANY,
Third-Party Plaintiff,

v.

BALDWIN SUPPLY COMPANY, a corporation, and Fort Worth Steel & Machinery Company, a corporation, Third-Party Defendants.

Civ. No. 4-62-235.

United States District Court
D. Minnesota,
Fourth Division.

Oct. 10, 1963.

810

Robert J. Tyrrell, St. Paul, Minn., for plaintiff and third-party plaintiff.

Stringer, Donnelly & Sharood, St. Paul, Minn., for defendant.

Ray G. Moonan and John E. Castor, Minneapolis, Minn., for third-party defendant Baldwin Supply Co.

Frank X. Cronan, Minneapolis, Minn., for third-party defendant Fort Worth Steel & Machinery Co.

DONOVAN, District Judge.

Plaintiff will be referred to as such herein. Defendant will be referred to as such herein. Third-party defendants will be referred to as Baldwin and Fort Worth respectively.

The matter comes before the Court on motion of Fort Worth for summary judgment. A statement of the proceedings and a review of the file contents will be helpful.

Plaintiff sued defendant to recover on an account stated arising out of the sale of machinery to defendant. Defendant counterclaimed alleging breach of warranty and damage resulting therefrom. Thereupon, plaintiff commenced a new proceeding against Baldwin and Fort Worth by means of third-party procedure. Fort Worth is a foreign corporation. Service upon it was attempted under M.S.A. § 303.13, Subd. 1(3), which reads as follows:

"If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the State of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. Such process shall be served in duplicate upon the secretary of state, together with a fee of $6 and the secretary of state shall mail one copy thereof to the corporation at its last known address, and the corporation shall have 20 days within which to answer from the date of such mailing, notwithstanding any other pro-

vision of the law. The making of the contract or the committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the State of Minnesota. As amended Laws 1955, c. 820, § 30; Laws 1957, c. 538, § 1."

 The file contents make clear that plaintiff's case is based on contract and that there was no privity between plaintiff and Fort Worth, a Texas corporation. The supporting affidavits relied on in this motion make no pretense to establish privity of contract between plaintiff and Fort Worth. The latter has designated no agent upon whom service of process may be made. The instant case does not sound in tort. It has to do with warranty.[1] Fort Worth was not a party to plaintiff's contract. The present case is not based on negligence. Plaintiff attempts to join two additional defendants, one of whom was consulted prior to the commencement of the principal action herein. A foreign corporation cannot be deprived of property without due process of law, notwithstanding the provisions of the quoted statutory law.[2] It must be emphasized too that a Federal court is required to determine, independently of State statute, whether valid service has been made on a foreign corporation in a personal action commenced against it.[3]

The State statute relied on in the present case must give way to the constitutional necessity of due process.[4]

There is a jurisdictional distinction between the preliminary moves short of doing business and the actual presence of Fort Worth that would permit of service of process.

It is my opinion that the motion of Fort Worth Steel & Machinery Company for a dismissal must be granted and the complaint dismissed without prejudice, however, for lack of jurisdiction.

It is so ordered.

All parties are allowed an exception.

---

1. Atkins v. Jones & Laughlin Steel Corporation, 258 Minn. 571, 104 N.W.2d 888, and Hutchinson v. Boyd and Sons Press Sales, Inc., D.C.Minn., 188 F.Supp. 876, are not in point; McMenomy v. Wonder Building Corporation of America, D.C.Minn., 188 F.Supp. 213, is distinguishable in its facts.

2. Dahlberg Company v. American Sound Products, Inc., D.C.Minn., 179 F.Supp. 928;

Pendzimas v. Eastern Metal Products Corporation, D.C.Minn., 218 F.Supp. 524.

3. People's Tobacco Co. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587; Myers Motors v. Kaiser-Frazer Sales Corporation, D.C.Minn., 76 F.Supp. 291.

4. Myers Motors v. Kaiser-Frazer Sales Corporation, supra note 3.