Naomi CARLSON, as Trustee for the heirs of John Carlson, Decedent, Plaintiff,

v.

CHATFIELD MACHINERY COMPANY (more properly known as Chatfield Machine & Foundry Company), Defendant.

Civ. No. 5-63-107.

United States District Court
D. Minnesota,
Fifth Division.

Jan. 22, 1964.

O'Leary & Trenti, by Robert F. Berger, Virginia, Minn., for plaintiff.

Edward T. Fride, Duluth, Minn., for defendant.

DONOVAN, District Judge.

The instant action was commenced in Koochiching County District Court. Jurisdiction over the person of the defendant was obtained through service on the Secretary of State.[1] The defendant petitioned for removal to the Federal court under Section 1446, Title 28, United States Code, and used as a basis for its petition grounds of diversity of citizenship and the requisite jurisdictional amount. The matter is before this Court on motion of the defendant to quash service on the grounds that Section 303.13 did not satisfy Federal requirements of due process of law, and to dismiss.

It appears from the file contents that the action is brought by Naomi Carlson as trustee for the heirs of John Carlson,

---

3. Hickman v. Taylor, 329 U.S. 495, 512, 67 S.Ct. 385, 91 L.Ed. 451.

1. Minnesota Statutes Annotated § 303.13 Subdivision 1(3).

decedent. The decedent was an employee of the Northern Cedarcraft Corporation, Inc., in Northome, Minnesota. Plaintiff's decedent met death by reason of and when a piece of board being used in connection with a saw manufactured by the defendant was negligently ejected by the machine, striking the decedent.

It is plaintiff's contention, as a basis for this action, that the saw was manufactured in a negligent and careless manner; that the construction and design of said saw was improper; and that the defendant was negligent in not installing proper safeguards and safety measures to prevent injury from this known danger.

The only pleading served and filed is the complaint.

■ A motion to dismiss is rarely granted and the burden of demonstrating the absence of a genuine material fact issue is upon the moving party and all doubts are resolved against movant.[2]

Consideration is next given to the motion to quash service of process. Plaintiff's case sounds in tort and warranty. The sole question for decision on the motion to quash has to do with the legality of service of process made pursuant to the Minnesota statute.[3] It is not unlike statutes of Alabama, Arkansas, Florida, New Jersey, Maryland, Pennsylvania and Vermont.

■ The actual presence for service doctrine [4] has bowed out in favor of the "minimum contacts" requirement in the interest of traditional notions of fair play and substantial justice.[5] The trend toward liberality in construing statutes providing for jurisdiction over foreign corporations and service of process in connection therewith is creative of a "minimum contacts" rule as a prerequisite to the exercise of power over nonresident defendants.[6]

The tortious act relied on was committed in Minnesota. In the words of Mr. Justice Black " * * * a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents." [7]

■ The Court has read and considered the brief received on December 30, 1963, in support of defendant's motion to

2. Warner v. First National Bank of Minneapolis, 8 Cir., 236 F.2d 853.

3. Minnesota Statutes Annotated, § 303.13, subd. 1(3) reads as follows:
   "If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the State of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. Such process shall be served in duplicate upon the secretary of state, together with a fee of $6 and the secretary of state shall mail one copy thereof to the corporation at its last known address, and the corporation shall have 20 days within which to answer from the date of such mailing, notwithstanding any other provision of the law. The making of the contract or the committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the State of Minnesota."

4. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565.

5. International Shoe Co. v. Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

6. McMenomy v. Wonder Building Corporation of America, D.C.Minn., 188 F.Supp. 213;
   Hutchinson v. Boyd and Sons Press Sales, Inc., D.C.Minn., 188 F.Supp. 876.

7. McGee v. International Life Insurance Co., 355 U.S. 220, 222, 78 S.Ct. 199, 201, 2 L.Ed.2d 223;
   International Shoe Co. v. Washington, etc., supra note 5;
   Atkins v. Jones & Laughlin Steel Corporation, 258 Minn. 571, 104 N.W.2d 888.

quash and dismiss. The Court in the instant case is not convinced that defendant's activity in Minnesota was of such little consequence as to avoid the application of Mr. Justice Black's reference to the more liberal trend toward sustaining the application of service of process pursuant to the Minnesota statute supra note 3.

The motions to quash and dismiss are denied.

It is so ordered.

An exception is allowed movant.