Perry Austin FLEMMEN, Plaintiff,

v.

**MIDLAND OVERSEAS SHIPPING CORPORATION and St. Thomas Shipping Company, Inc., Defendants.**

No. 5–65–80 Civ.

United States District Court
D. Minnesota,
Fifth Division.
May 24, 1966.

Weinberg & Litman, by Alfred J. Weinberg, Duluth, Minn., for plaintiff.

Bradley, Eaton, Jackman & McGovern, Chicago, Ill., and McCabe, Van Evera, Mundt, Koskinen & Clure, by William P. Van Evera, Duluth, Minn., for defendants.

DONOVAN, District Judge.

This matter came on for hearing at a special term of this court in Duluth, Minnesota, on April 12, 1966, on motions by defendants to quash the service of process and to dismiss the action for lack of jurisdiction over the persons of the foreign corporation defendants.

Jurisdiction over the subject matter of this controversy is provided by the diversity of citizenship of the parties and the requisite amount in controversy.[1] Plaintiff is a resident of Wisconsin. Defendant Midland Overseas Shipping Corporation is incorporated and has its principal place of business in Illinois. Defendant St. Thomas Shipping Company is incorporated and has its principal place of business in Switzerland.

The complaint alleges that on or about July 29, 1965, the plaintiff sustained personal injuries while employed as a longshoreman aboard a certain steamship or vessel the AMENITY as it was docked at the Duluth Port Terminal in Duluth, Minnesota; that said vessel was owned by defendant St. Thomas Shipping Company, Inc.; that defendant Midland Overseas Shipping Corporation was the charterer of said vessel under a time charter; and that said injuries were caused by the unseaworthiness of said vessel and by the negligence of each of the defendants and their agents, servants and employees.

Service of process upon each defendant was sought pursuant to Minnesota Statutes § 303.13, subd. 1(3),[2] at the request of plaintiff by serving process upon the Secretary of State of Minnesota. Each defendant contends the attempted service of process is invalid and the Court lacks jurisdiction over the person of each defendant, for the reason that Minnesota Statutes § 303.13, subd. 1(3), is inapplicable.

Defendants allege by affidavit that neither defendant is licensed to do business in Minnesota and neither maintains any office or place of business within the state; that at all times herein material, plaintiff was a resident of Superior, Wisconsin, and a nonresident of Minnesota; that defendant Midland made no contract pertinent to this litigation with any resident of Minnesota, having made arrangements for stevedoring this vessel with Empire Stevedoring Company, Ltd., of Montreal; that defendant shipowner had nothing whatsoever to do with said stevedoring arrangements; and that neither defendant has made a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, nor committed any tort in whole or in part in Minnesota against a resident of Minnesota, out of which the above-entitled action or the subject matter thereof has arisen. No other affi-

1. 28 U.S.C. § 1332.

2. Minnesota Statutes, § 303.13, subd. 1(3): "If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the State of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort. * * *"

davits or evidence have been submitted by the parties herein.

Aided by oral arguments and the briefs of diligent counsel, the Court has searched for a controlling decision in State and Federal courts based on facts akin to the case at bar.[3]

The controlling words of the Minnesota statute relied on by plaintiff to weave the web of service of process in the instant case are as follows: "If a foreign corporation *makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota,* or if such foreign corporation *commits a tort in whole or in part in Minnesota against a resident of Minnesota,* such acts shall be deemed to be doing business in Minnesota by the foreign corporation * * *" and shall subject it to service of process. [Emphasis supplied.]

Do the contents of the file of the present case support service of process as required by applicable law?

Plaintiff was and is a resident of Wisconsin. It is undisputed that defendants are innocent of tort committed by them on a resident of Minnesota. And the file contents disclose an entire absence of privity of contract between plaintiff and defendants. Absent contract with or tort against a Minnesota resident, as required to make applicable the quoted statute, supra note 2, due process is not satisfied in the case at bar.

The writer leans toward applying the substituted service statute where the facts and evidence support that conclusion. In the words of Mr. Justice Black, the "trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents."[4] "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[5]

The conditions of service provided for in the statute are clearly spelled out. The facts of the instant case do not fulfill the conditions required to support the substituted service relied upon by plaintiff.[6]

The motions by defendants to quash the attempted service of process and to dismiss the action must be and are granted.

It is so ordered.

Plaintiff is allowed an exception.

**3.** This statute has been before this Court on a number of occasions. Bard v. Bemidji Bottle Gas Co., D.C.Minn., 23 F.R.D. 299; Mueller v. Steelcase, Inc., D.C.Minn., 172 F.Supp. 416; Dahlberg Co. v. American Sound Products, Inc., D.C.Minn., 179 F.Supp. 928; McMenomy v. Wonder Bldg. Corp. of America, D.C.Minn., 188 F.Supp. 213; Hutchinson v. Boyd & Sons Press Sales, Inc., D.C.Minn., 188 F.Supp. 876; Ewing v. Lockheed Aircraft Corp., D.C.Minn., 202 F.Supp. 216; Pendzimas v. Eastern Metal Products Corp., D.C.Minn., 218 F.Supp. 524; Thiele Eng'r. Co. v. Weldon Farm Products, Inc., D.C.Minn., 224 F.Supp. 809; Williams v. Connolly, D.C.Minn., 227 F.Supp. 539; Carlson v. Chatfield Mach. Co., D.C.Minn., 228 F.Supp. 162; Haldeman-Homme Mfg. Co. v. Texacon Industries, Inc., D.C.Minn., 236 F.Supp. 99;

United Barge Co. v. Logan Charter Service, Inc., D.C.Minn., 237 F.Supp. 624; Kornfuehrer v. Philadelphia Bindery, Inc., D.C.Minn., 240 F.Supp. 157. See Aftanase v. Economy Baler Co., 8 Cir., 343 F.2d 187.

**4.** McGee v. International Life Ins. Co., 355 U.S. 220, 222, 78 S.Ct. 199, 201, 2 L.Ed. 2d 223.

**5.** International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95.

**6.** Atkins v. Jones & Laughlin Steel Corp., 258 Minn. 571, 580, 104 N.W.2d 888; Arrowsmith v. United Press International, 2 Cir., 320 F.2d 219, 232–233; See also Hanson v. Denckla, 357 U.S. 235, 251–252, 78 S.Ct. 1228, 2 L.Ed.2d 1283.